# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Eric Yzaguirre,

               Plaintiff,              **RULE 26(F) REPORT**

   vs.                         Court File No. 11-3418 JRT/JJK

Hennepin County, Minnesota, Patricia
Rebling, Hennepin County Responsible
Authority, designee of Responsible
Authority Jessica [last name unknown],
Breann Morris, and John Does 1-5,

               Defendants.

---

The counsel identified below participated electronically in the meeting required by Fed. R. Civ. P. 26(f) on January 13, 2012 and prepared the following report.  Defendant Breann Morris communicated with Plaintiff's lawyer, stating she did not wish to attend.

The pretrial conference in this matter is scheduled for February 3, 2012, at 2:00 p.m. before United States Magistrate Judge Jeffrey J. Keyes in Courtroom 6A, United States District Court, Warren E. Burger Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota  55101.  The pretrial conference will be conducted by telephone.

A.    <u>DESCRIPTION OF CASE</u>

    (1)    Concise Factual Summary of Plaintiff's Claims:

On October 18, 2011, Plaintiff Eric Yzaguirre was attacked by defendant Breann Morris.  When Minneapolis Police responded, and Eric Yzaguirre rushed toward police to report Morris was the problem, police arrested the male and the Minneapolis City Attorney's Office charged out a case against him, with Morris as the victim.  Hennepin County Child Protection (clearly working hand in glove with criminal prosecutors) tried to get Yzaguirre to talk to them, with the intent of providing that interview to criminal prosecutors.  When Yzaguirre raised concerns about his Fifth Amendment right not to speak to government when being pursued in a criminal action and sought Chapter 13 data to be

able to evaluate those issues, Child Protection rushed to close the "assessment," then claiming that the preponderance of evidence in their record support Morris' claims. While claiming that Child Protection could not timely respond to Yzaguirre's request for data, that same agency turned around and faxed the entire CP report to criminal prosecutors to use against Yzaguirre.

Yzaguirre sued Morris for assault in state court, and sued the government defendants under 42 U.S.C. 1983. The County-defendants removed.

(2)   Concise Factual Summary of Defendants' claims/defenses:

The individual Hennepin County Defendants deny the factual allegations made by the plaintiff. They also deny that their conducting of the Child Protection investigation and their handling of data from that investigation violated Plaintiff's federally or constitutionally protected right of access to the court, due process, or that they retaliated against plaintiff in any fashion. Hennepin County alleges that its policies and procedures comply with all laws and constitutional requirements. The individual Defendants also allege that they are entitled to qualified immunity. All defendants allege that their handling of data was in compliance with the Minnesota Government Data Practices Act.

(3)   Statement of Jurisdiction (including statutory citations):

This is a federal civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1334(a)(3) and has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

(4)   Summary of Factual Stipulations or Agreements:

None.

(5)   Statement of whether jury trial has been timely demanded by any party:

Plaintiff has timely demanded a jury trial.

(6)   If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, a statement of the parties' agreement.

The parties do not want this case resolved under the Rules for Expedited Trials.

B.    DISCOVERY DEADLINES AND LIMITS

Pursuant to Fed.R.Civ.P. 26(f), the parties must prepare a discovery plan which is designed to maximize the efficiency of pretrial case preparation.  The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan which is appropriate for the circumstances of this case. The details of the discovery plan should be set forth in Rule 26(f) Report.  The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case.  However, the parties are encouraged to reach agreement upon, and suggest to the Court, a discovery plan which takes into account the unique circumstances of the individual case.  To the extent that the parties cannot reach agreement on any particular item about scheduling or discovery limitation, they should set forth their separate positions in the Rule 26(f) Report and this will be discussed at the Pretrial Conference:

1.    All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before March 15, 2012.

2.    All motions which seek to amend the pleadings or to add parties must be filed and served on or before May 24, 2012.

3.    Fact discovery shall be commenced in time to be completed on or before February 24, 2013.

4.    No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.  No more than 25 document requests and no more than 25 requests for admissions shall be served by each side.

5.    No more than 10 depositions, excluding expert witness depositions, shall be taken by each side.

6.    Non-dispositive motions and supporting documents, including those which to fact discovery, shall be filed and served on or before April 24, 2013.

7.    Each side may call up to 3 expert witnesses.  Disclosure of the identity of: expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows

    a.    Identities by Plaintiff on or before March 24, 2013.
          Reports by Plaintiff on or before April 24, 2013.

    b.    Identities by Defendant on or before April 24, 2013.

Reports by Defendant on or before May 24, 2013.

8.  Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by June 24, 2013. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before July 24, 2013.

9.  No more than 1 Rule 35 medical examinations shall be taken on or before April 24, 2013.

C.  PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order. The parties are encouraged, though not required, to use Form 6 to the Local Rules as a template for the proposed Protective Order, they shall present with this report any issues of disagreement. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

D.  INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insure.

None. The City of Minneapolis is self-insured and provides indemnification for its employees under Minn. Stat. § 466.

E.  DISPOSITIVE MOTION SCHEDULE

The parties recommend that dispositive motions be filed and served on or before August 24, 2013. For those cases assigned to Judges Magnuson, Kyle and Schiltz, this dispositive motion deadline will be for the filing, serving and hearing of the motion.

F.  TRIAL-READY DATE

The parties agree that the case will be ready for jury trial on or after December 1, 2013, and the expected length of trial is 5 days.

G.  SETTLEMENT

(1)  The parties discussed possible settlement before February 3, 2012, the date of the initial pretrial conference. The parties believe that they must conduct discovery before any meaningful settlement discussions can take place.

(2)     The parties believe that a settlement conference is appropriate and should be scheduled by the Court immediately before the trial.

(3)     The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court:

ADR would not be appropriate.

H.     TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).  (If the parties agree, the consent should be filed with the Rule 26(f) Report).

MICHAEL O. FREEMAN                    JILL CLARK, LLC
Hennepin County Attorney


By: s/Toni A. Beitz                              By:  s/Jill Clark
    TONI A. BEITZ (6245)                      JILL CLARK, ESQ. (196988)
    Sr. Assistant County Attorney            Jill Clark, LLC.
    2000A Government Center                 2005 Aquila Avenue North
    Minneapolis, MN  55487                   Minneapolis, Minnesota  55427
    Telephone:  (612) 348-8533               Telephone: (763) 417-9102
    Fax:  (612) 348-8299

Attorneys for County Defendants          Attorney for Plaintiff


Dated: February 14, 2012                   Dated: February 13, 2012